BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUL 11 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SOUTH CENTRAL STATES BAKERY PRODUCTS ) DOCKET NO. 282
ANTITRUST LITIGATION                         )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III,* STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of six actions pending in three federal districts: three in the Eastern District of Texas (Missildine I, Missildine II and Johnson); two in the Western District of Louisiana (Hinten and Riddle); and one in the Middle District of Louisiana (Miller's). All six actions are private treble damage antitrust actions brought on behalf of various classes of bakery products purchasers.

These actions stem from four indictments returned on February 28, 1975, by a grand jury in the Middle District of Louisiana. Each indictment charged various producers of bakery products with conspiring to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, in one of four geographical areas in Louisiana or in and around Louisiana: the Shreveport-Texarkana market; the Baton Rouge market; the Monroe

---

*Judges Becker and Lord took no part in the consideration or decision of this matter.

market; or the Lafayette-Lake Charles-Alexandria market. The four indictments named a total of nine defendants, including one defendant common to all four indictments and another defendant common to two of the indictments. These criminal actions have now been terminated. Some defendants plead nolo contendere to the charges, and the remaining defendants named in the Baton Rouge area indictment were acquitted by a jury in August 1975. Thereafter, the other criminal charges were dismissed on double jeopardy grounds.

The Government also filed in the Middle District of Louisiana four companion civil actions in which it seeks injunctive relief against the bakery producers. These civil actions are still pending.

Missildine I, pending in the Eastern District of Texas, was the first private action filed. Plaintiff in this action alleges a single conspiracy in a wide-ranging market consisting of the entire geographic area in which any of the defendants and certain identified and unidentified co-conspirators sold bakery products. Although the precise boundaries of this market are unclear, it appears to encompass the four market areas outlined in the indictments as well as additional areas. Named as defendants, however, are only the three defendants included in the Shreveport-Texarkana indictment. The alleged class includes all purchasers of bakery products within this market from any of the defendants or co-conspirators.

Missildine II recently was filed in the Eastern District of Texas. The substantive and class allegations in the complaint in Missildine II track the allegations of the complaint in Missildine I, but the defendants named in Missildine II are the six producers that were indicted by the Government and not named as defendants in Missildine I.

The complaint in Johnson, also pending in the Eastern District of Texas, includes the same defendants named in Missildine I. The allegations in the Johnson complaint track those of the Government's Shreveport-Texarkana indictment and focus exclusively on that market. A class of all retail grocers in the Shreveport-Texarkana market has been certified in Johnson. Class members were given notice that they had until October 15, 1976, to request exclusion from the class.

On May 3, 1976, orders were entered in Missildine I and Johnson 1/ providing that relevant discovery made in one action may be used in the other. At a pretrial hearing on August 9, 1976, the judge to whom Missildine I is assigned heard argument on motions to consolidate Johnson and Missildine I. The judge stated from the bench that while he agreed that the two actions should be consolidated, he could not consolidate them unilaterally. Shortly thereafter, the judge to whom Johnson is assigned entered an order denying a renewed motion to consolidate these two actions. There is now pending in the United States Courts of Appeals for

---

1/ These two actions are assigned to different judges in the Eastern District of Texas.

the Fifth Circuit a petition for a writ of mandamus to compel consolidation of <u>Missildine I</u> and <u>Johnson</u>. The Fifth Circuit Court of Appeals first stayed <u>Missildine I</u> and <u>Johnson</u> pending the mandamus decision, and then recently stayed the mandamus proceeding pending the Panel's decision under Section 1407.

The complaint in <u>Hinten</u>, pending in the Western District of Louisiana, is patterned after the Government's indictment pertaining to the Monroe market, and names the same three defendants included by the Government in its Monroe market indictment. <u>Hinten</u> is brought on behalf of a class of all purchasers of bakery products in the Monroe market area. On the same day that <u>Hinten</u> was filed, <u>Riddle</u> was also commenced in the Western District of Louisiana. The complaint in <u>Riddle</u> tracks the Government's factual allegations concerning the Lafayette-Lake Charles-Alexandria market, and includes the same three defendants that the Government named in its Lafayette-Lake Charles-Alexandria market indictment. <u>Riddle</u> is brought on behalf of a class of all purchasers of bakery products in the Lafayette-Lake Charles-Alexandria market area.

Finally, <u>Miller's</u>, pending in the Middle District of Louisiana, involves allegations taken almost entirely from the Government's indictment covering the Baton Rouge market. <u>Miller's</u> includes as defendants only the four producers named by the Government in its Baton Rouge market indictment. <u>Miller's</u> is brought as a class action on behalf of all purchasers of bakery products in the Baton Rouge market area.

A group of four defendants known collectively as the Cotton companies[2] moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring Missildine I and II, Johnson and Miller's to the Western District of Louisiana for coordinated or consolidated pretrial proceedings with Hinten and Riddle. Plaintiffs in the four actions other than Missildine I and II oppose transfer of these actions, and Huval Baking Co., Inc., a defendant in three of the actions, objects to transfer of some of the actions.

We find that these actions involve common questions of fact and that transfer of Missildine I and II. Johnson, Hinten and Riddle under Section 1407 to the Middle District of Louisiana for coordinated or consolidated pretrial proceedings with Miller's will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in the four actions other than Missildine I and II argue that Johnson is inappropriate for inclusion in Section 1407 proceedings because pretrial in this action is well advanced. These plaintiffs also maintain that the Panel should give deference to the determination of the Texas district court declining to consolidate Johnson and Missildine I. In addition, plaintiffs point out that pursuant to the orders of May 3, 1976, discovery in both actions already may be used interchangeably to the extent that it is relevant. These plaintiffs and defendant Huval also assert that the actions in this litigation involve separate

---

[2] One or more of the Cotton companies is named as a defendant in each of the actions in this litigation.

alleged conspiracies and that plaintiff in <u>Missildine I</u> and <u>II</u> cannot properly bring its actions on behalf of purchasers in an overall market which encompasses the separate markets involved in each indictment.

We are not persuaded by these arguments. The two <u>Missildine</u> complaints taken together allege an overall conspiracy among all defendants in this litigation that encompasses the markets covered in <u>Johnson</u>, <u>Hinten</u>, <u>Miller's</u> and <u>Riddle</u>, plus some additional territory. Likewise, the classes alleged in the two <u>Missildine</u> complaints embrace the classes purported or determined in the other four actions.[3]/ Thus, common factual questions are prevalent and transfer of these actions to a single district under Section 1407 is necessary in order to prevent duplicative discovery, eliminate the possibility of inconsistent or overlapping class determinations and otherwise streamline the pretrial proceedings. See <u>In re Sugar Industry Antitrust Litigation</u>, 395 F. Supp. 1271, 1272-73 (J.P.M.L. 1975). Furthermore, we observe that procedures are available whereby any discovery heretofore completed in <u>Johnson</u> or any other action may be made available to all interested parties in all actions. Cf. <u>Manual for Complex Litigation</u>, Parts I & II, §§3.11 (rev. ed. 1973).

---

[3]/ Whether the two <u>Missildine</u> actions can be maintained on behalf of the overall class alleged therein is a matter properly within the purview of the transferee judge and beyond the scope of the Panel's authority under Section 1407.

We note that the transfer we are herewith ordering has no effect either on the determination of the Texas court declining to consolidate Johnson and Missildine I or on the mandamus proceeding concerning that determination which is currently pending before the Court of Appeals for the Fifth Circuit. The Panel's function under Section 1407 is to decide in the first instance whether to transfer actions for coordinated or consolidated pretrial proceedings. Whether and to what extent the pretrial proceedings in the transferred actions will be coordinated or consolidated is the function of the transferee judge. Clearly the term "coordinated" and the term "consolidated" denote different judicial functions. And we are of the view that a judge deciding whether to consolidate actions for all purposes is necessarily performing a different judicial function than a transferee judge who is supervising coordinated or consolidated pretrial proceedings under Section 1407. It is for the transferee judge in fashioning a pretrial program that takes into account the different facets and nuances of the litigation to determine what effect to give the Texas court's determination declining to consolidate Missildine I and Johnson, subject of course to any appellate mandate. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974).

Each of the three districts in which actions are pending in this litigation has been suggested by various parties as an appropriate transferee district. While no district clearly stands out as the most appropriate transferee forum,

on balance we are persuaded that the Middle District of Louisiana is most preferable. The Honorable E. Gordon West, to whom Miller's has been assigned in the Middle District of Louisiana, is uniquely well-acquainted with the facts involved in this litigation. Judge West had supervisory jurisdiction over the grand jury that returned the indictments upon which much of this litigation is premised. He also accepted the pleas of nolo contendere entered by some defendants, and presided over the only criminal trial held. In addition, Judge West continues to supervise the four Government civil actions that are pending in the Middle District of Louisiana. Thus, he is in the best position to supervise these actions toward their most just and expeditious conclusion. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Middle District of Louisiana be, and the same hereby are, transferred to the Middle District of Louisiana and, with the consent of that court, assigned to the Honorable E. Gordon West for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there and listed on Schedule A.

SCHEDULE A

DOCKET NO. 282

### WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Daniel D. Riddle d/b/a Riddle's Restaurants, et al. v. Huval Baking Co., Inc., et al. | Civil Action No. 76-1125 |
| Betty Hinton d/b/a Betty's Grocery, et al. v. Colonial Baking Co. of El Dorado, et al. | Civil Action No. 76-1124 |

### MIDDLE DISTRICT OF LOUIAIANA

| | |
|---|---|
| Miller's Food Corp., et al. v. Cotton's, Inc., et al. | Civil Action No. 76-329 |

### EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| James L. Missildine, etc. v. Ideal Baking Company of Paris, Inc., et al. | Civil Action No. P 75-14-CA |
| James Lloyd Johnson, Jr., et al. v. Ideal Baking Company of Paris, Inc., et al. | Civil Action No. M 76-10-CA |
| James L. Missildine, etc. v. Cotton's Inc., et al. | Civil Action No. P-76-47-CA |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SOUTH CENTRAL STATES BAKERY ) DOCKET NO. 282
PRODUCTS ANTITRUST LITIGATION )
)
James L. Missildine, etc. v. Ideal )
Baking Company of Paris, Inc., )
et al., M.D. Louisiana, )
C.A. No. 77-283 )
)
James L. Missildine, etc. v. )
Cotton's Inc., et al., M.D. )
Louisiana, C.A. No. 77-285 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND
ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of six private treble damage antitrust actions brought on behalf of various classes of bakery products purchasers. The Panel, pursuant to 28 U.S.C. §1407, previously transferred five of these actions to the Middle District of Louisiana and, with the consent of that court, assigned them to the Honorable E. Gordon West for coordinated or consolidated pretrial proceedings with an action already pending in that district. In re South Central States Bakery Products Antitrust Litigation, 433 F. Supp. 1127 (J.P.M.L. 1977). Concerning the selection of the transferee district, the Panel stated as follows:

---
*Judge Weinfeld did not participate in the decision of this matter.

> Each of the three districts in which actions are pending in this litigation has been suggested by various parties as an appropriate transferee district. While no district clearly stands out as the appropriate transferee forum, on balance we are persuaded that the Middle District of Louisiana is most preferable. The Honorable E. Gordon West, to whom [an action] has been assigned in the Middle District of Louisiana, is uniquely well-acquainted with the facts involved in this litigation. Judge West had supervisory jurisdiction over the grand jury that returned the indictments upon which much of this litigation is premised. He also accepted the pleas of nolo contendere entered by some defendants, and presided over the only criminal trial held. In addition, Judge West continues to supervise the four Government civil actions that are pending in the Middle District of Louisiana.1/  Thus, he is in the best position to supervise these actions toward their most just and expeditious conclusion.

Id. at 1130 (citation omitted; footnote not in original).

At the time of the Panel's transfer order, a class consisting of all retail grocers in the so-called Shreveport-Texarkana market had been certified in one of the actions. Id. at 1128. Pretrial proceedings on the requests for class designation in the other five actions have since progressed in the transferee court. On August 10, 1978, however, plaintiffs in four of the actions in the transferee district, including the action in which a class has been certified, in a letter to counsel for all other parties, expressed their intention to seek dismissal of those four actions with prejudice. No formal motions to dismiss have yet been filed.

---

1/ These Government civil actions have now been concluded.

-3-

On August 28, 1978, Judge West, on his own motion, recused himself from further participation in this litigation and requested the Panel to appoint another judge to conduct coordinated or consolidated pretrial proceedings in these actions. On September 7, 1978, the Panel reassigned this litigation to the Honorable Charles Schwartz, Jr., of the Eastern District of Louisiana, sitting by designation pursuant to 28 U.S.C. §292(b) in the Middle District of Louisiana.

The plaintiff in the two above-captioned actions (<u>Missildine</u> actions)[2/] has moved the Panel to (1) remand those two actions to the Eastern District of Texas, or (2) reconsider its original opinion and order in this litigation and retransfer the litigation to the Eastern District of Texas.[3/] Each of the nine defendants named in the actions in the transferee district opposes this motion. The plaintiffs who expressed their intention to seek dismissal of their actions have taken no position on the motion before the Panel. We deny the motion because a proper showing has not been made for either remand or retransfer.

---

2/ Plaintiff in the <u>Missildine</u> actions has not expressed an intention to seek dismissal of those actions.

3/ Alternatively, movant requested that the Panel appoint a judge from the Eastern District of Texas to preside over the Section 1407 proceedings in the Middle District of Louisiana. This aspect of movant's motion was mooted, however, by the Panel's designation of Judge Schwartz as transferee judge on September 7, 1978.

Movant contends that the sole reason for the Panel's selection of the Middle District of Louisiana as the transferee forum was Judge West's familiarity with the facts involved in this litigation. The recusal of Judge West and the intended dismissal of four of the six actions in this litigation, which would leave only the Missildine actions, dissolve the rationale for conducting coordinated or consolidated pretrial proceedings in that forum, movant urges. Moreover, movant maintains, discovery documents have not been accumulated in that district by the parties, and a number of defendants have expressed an intention to produce documents at their respective business offices located outside that district. Under these circumstances, movant argues, remand of the Missildine actions is appropriate.

Movant asserts that even if the other four actions in this litigation are not dismissed, the Eastern District of Texas is the most appropriate forum in which to conduct the coordinated or consolidated pretrial proceedings, and this litigation should be retransferred there. Movant offers no arguments in support of his contention that the Eastern District of Texas is a more appropriate transeree forum, however.

We find these arguments unpersuasive. We will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause. See In re CBS Color Tube Patent Litigation, 342 F. Supp.

1403, 1405 (J.P.M.L. 1972). Movant here has failed to make any such showing. We note that, on the basis of the record before us, there can be no assurance that the four actions in the transferee district other than the <u>Missildine</u> actions will be dismissed.[4] If motions for dismissal are filed in those four actions, consideration of those motions by the transferee court would require further proceedings in accordance with Rule 23(e), Fed.R.Civ.P. in the action in which a class has already been certified, and proceedings concerning the applicability of Rule 23(e) in the other three actions.[5] <u>See also</u> <u>Roper v. Consurve, Inc.</u>, 578 F.2d 1106, 1110 (5th Cir. 1978). Furthermore, the class on whose behalf certification is sought in the <u>Missildine</u> actions includes the members of the one class already certified and the members of the three purported classes in the other four actions in the transferee district. <u>In re South Central States Bakery Products Litigation</u>, <u>supra</u>, 433 F. Supp. at 1128-29. Thus, remand of the <u>Missildine</u> actions at the present time would be premature, and retention of those actions before the transferee court is necessary to promote the just and efficient conduct of the entire litigation.

---

[4] We also note that some opponents of remand state in their papers before us that additional actions may yet be filed in this litigation, thus necessitating further Section 1407 proceedings. For example, these opponents assert, counsel for plaintiffs in the four actions other than movant's has indicated that certain of the named plaintiffs in those cases may wish to pursue the litigation in individual actions.

[5] For a discussion of the applicability of Rule 23(e) to dismissal of a purported class action during the period between the filing of the action and the class determination, see 7A Wright and Miller, Federal Practice and Procedure §1797, at 236-37 (1972 ed.).

-6-

In the past we have noted that motions to retransfer will be granted only in the most extraordinary instances. See In re Helicopter Crash in Germany on September 26, 1975, 443 F. Supp. 447, 450 (J.P.M.L. 1978); In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 438 F. Supp. 932, 934 (J.P.M.L. 1977); In re Midwest Milk Monopolization Litigation, 435 F. Supp. 930, 932 (J.P.M.L. 1977). We find no basis for retransfer here.

IT IS THEREFORE ORDERED that the motion for remand or retransfer pursuant to 28 U.S.C. §1407 of the actions entitled James L. Missildine, etc. v. Ideal Baking Company of Paris, Inc., et al., M. D. Louisiana, C.A. No. 77-283, and James L. Missildine, etc. v. Cotton's Inc., et al., M. D. Louisiana, C.A. No. 77-285, be, and the same hereby is, DENIED.